UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Richard Akbar Salahuddin, pro se,       :
                                        :
                Plaintiff,              :       **DECISION & ORDER**
                                        :
        -against-                       :       03-CV-4347 (DLI)(LB)
                                        :
City of New York,                       :
Angela Simpson-Buckley, East New York   :
Urban Youth Corps.,                     :
                                        :
                Defendants.             :
--------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

In this case, brought under 42 U.S.C. § 1983, pro se plaintiff alleges due process violations arising from defendant City of New York's 1997 sale of a cluster of eleven City-owned vacant and occupied residential buildings on Williams Avenue in Brooklyn, NY. The sale was made pursuant to the Neighborhood Redevelopment Program (NRP) administered by the New York City Department of Housing Development and Preservation. Plaintiff, a tenant of one of the Williams Avenue buildings, alleges that defendants (1) sold the buildings without prior notice to him, (2) failed to give him notice of rent increases, and (3) failed to notify him of the availability of rent assistance. Plaintiff also alleges his rent was increased above thirty percent of his annual income, which was contrary to what defendants told him during the restructuring of the Williams Avenue buildings.[1]

By Order dated January 22, 2004, all defendants were dismissed except the City of New

---

[1] Plaintiff's fourth and fifth causes of action were not directed at defendants City of New York and Angela Simpson-Buckley, who are the only remaining defendants in this case.

1

York and Angela Simpson-Buckley. Defendant East New York Urban Youth Corps. was never served with process and is accordingly dismissed.

Defendants City of New York and Ms. Simpson-Buckley have filed a motion to dismiss on several grounds, including lack of subject matter jurisdiction. On April 22, 2005, the court granted plaintiff one <u>final</u> extension to oppose defendants' motion, i.e., until May 16, 2005. Plaintiff filed two oppositions to defendants' motion: one on May 2, 2004 and another on May 16, 2005. The court has considered all papers in this motion.

Upon due consideration of said motion, it is hereby ORDERED:

(1) Defendants' motion to dismiss is granted because the court lacks subject matter jurisdiction. Plaintiff does not challenge the constitutionality of the NRP itself, which includes procedures to restructure tenants' rents up to two times during the development process.[2] Rather, plaintiff's allegations amount to accusing defendants of "random and unauthorized" actions. *See Reyes v. Erickson*, 238 F. Supp. 2d 632, 635 (S.D.N.Y. 2003). For example, plaintiff alleges that defendants sold the Williams Avenue buildings "without notifying [him] and tenants that WILLIAMS AVE. was going to be sold (Compl. ¶ 25); that his rent was lowered to an amount "$41.00 above the 30% annual guide line for rent and above [his] SSI income" (*Id*. ¶ 28); that he was given "a $98.00 credit for his February 1999 rent, when in fact [he] should have been given $943.00 for the said period" (*Id*. ¶ 30); and that notice of rent

---

[2] N.Y. PRIV HOUS. FIN. LAW § 405(1-c), which authorizes the second rent restructuring phase, provides for an initial rent to be established for each unit of a multiple dwelling after rehabilitation is completed. This section also requires tenants to be notified of the rehabilitation, approximate expected rent increase, and availability of one or two-year leases and to be given an opportunity to comment.

increases was not received (*Id.* ¶ 31). Because such claims should have been brought in New York state court, pursuant to Article 78 of the New York Civil Practice Law and Rules, but plaintiff failed to do so, this court lack subject matter jurisdiction. *See Reyes*, 238 F. Supp. 2d at 635–36 ("The Second Circuit has explicitly held that there is no available Section 1983 action when there was an adequate state postdeprivation procedure, such as an Article 78 proceeding, to remedy an alleged deprivation of due process.").[3]

(2) Plaintiff's request for a temporary restraining order is also denied.

SO ORDERED.

DATED: Brooklyn, New York
August 26, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] The court also notes the 4-month statute of limitations for an Article 78 proceeding has expired.